## NORTHWESTERN NAT. BANK OF PORTLAND v. ANDERSEN et al.

(District Court, S. D. New York. February 27, 1922.)

**Courts ⬤⇒347—Rule of state court that evidence will not be stricken from complaint is not binding on federal courts.**

The rule of the state courts that they are not required to strike from the complaint allegations of evidence, based on the reason that it would be too onerous a burden on the courts constantly to prune and rectify pleadings, is not binding on a federal court.

At Law. Action by the Northwestern National Bank of Portland ·against Axel O. Andersen and others. On defendants' motion to require the plaintiff to make the complaint more definite and certain, by separately stating and numbering the causes of action therein, or to strike out allegations in the complaint. Motion granted to the extent of striking certain allegations, and otherwise denied.

The complaint alleged that the defendants, who were citizens of the kingdom of Denmark, and were copartners, with a principal place ✸of business at Copenhagen, Denmark, had formed corporations in New York, California, and Oregon, and that the plaintiff had loaned to the Oregon corporation a sum of money at defendants' request, which defendants agreed to pay. The fifth, sixth, seventh, and eighth articles of the complaint were in part as follows:

"Fifth. During the year 1915, the defendants began the transaction of the business of shipbuilding, shipping, shipchartering, and importing and exporting in the United States, and for ·the purpose of carrying on such business organized, or caused to be organized, a corporation ✸ ✸ ✸ under the laws of the state of Oregon; the Oregon corporation having its principal place of business in Portland, Oregon."

"Sixth. ✸ ✸ ✸ Immediately upon organization of such corporations the defendants announced publicly that the purpose of said corporations was as aforesaid, ✸ ✸ ·✸ and the purpose of the Oregon corporation was the conduct of the partnership's business in and from the Pacific Northwest."

"Seventh. Said corporations and each of them were at all times managed and controlled by the defendants' partnership, its agents or employes, and all profits made by said corporations, and particularly by said Oregon corporation, were at once transferred to the said partnership, or used for the benefit of said partnership, in or in connection with the said partnership business. That from time to time said Oregon corporation paid over to the defendants, and to and for their use, benefit, and account, sums of money exceeding the amount due from the defendants to the plaintiff as hereinafter set forth. ✸ ✸ ✸ Said Oregon corporation, were intended to be, and were during all the times hereinafter stated, ✸ ✸ ✸ agencies of the defendants' partnership operated solely for the purpose of conducting branches of ✸ ✸ ✸ the partnership, and all of the actions ✸ ✸ ✸ of said Oregon corporation, in respect of the matters hereinafter alleged, were done solely as agencies ✸ ✸ ✸ of defendants' said partnership, ✸ ✸ ✸ and said partnership was and represented itself to plaintiff to be the real principal and party in interest in all the transactions referred to herein, and in all of said transactions the plaintiff relied upon the said representations."

"Eighth. During the period commencing in September, 1916, and continuing until March, 1920, plaintiff, at the instance and request of defendants, their agents or employés, from time to time advanced and loaned to the defendants and to their said partnership substantial sums of money, and in the case of each loan or advance the defendants promised and agreed to repay the same within ninety·(90) days from the time of the loan or advance, with interest at

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the rate of seven per cent. (7%) per annum, which interest rate was and is legal and authorized under the laws of the state of Oregon, in which state said advances and loans were made. At the request and upon the direction of the defendants, their agents and employés, all the money so loaned and advanced was paid over by plaintiff to the Oregon corporation, * * * and was used by said Oregon corporation in the conduct of the defendants' said business of shipping, ship chartering, importing and exporting, and in kindred enterprises of the defendants. The loans and advances so made to defendants and so paid over to defendants' Oregon corporation were in excess of the stated capitalization of said Oregon corporation, and said loans were made upon the representation and agreement of the defendants, their agents and employés, that the money was to be used in the conduct of the general business of the defendants, and that the business done through the medium of the Oregon corporation was in fact the business of the defendants' partnership, and defendants and their said partnership promised and agreed to repay to plaintiff all of the money so loaned or advanced."

Pratt & McAlpin, Ira C. Ramsburg, and Root, Clark, Buckner & Howland, all of New York City (Robert P. Patterson, of New York City, of counsel), for plaintiff.

Duncan & Mount, of New York City (Louis Millsaps and Henry W. Nichols 3d, both of New York City, of counsel), for defendants.

LEARNED HAND, District Judge. The following parts of the complaint are stricken out, as pleading only evidence: In the fifth article, the words "under the laws of the state of New York * * * and one"; the entire sixth article; the first and second sentences of the seventh article; all of the eighth article, except the first sentence and so much of the second sentence as precedes the words "and was used."

It is, of course, true that the rule in the state courts does not require courts to strike out allegations of evidence. That rule I conceive to depend rather upon the notion that constant recourse to courts to prune and rectify pleadings is too onerous a burden. It is a rule which in no sense binds a judge of this court, if he chances to believe that the pleading of evidence always serves to confuse the issues, and thereby to prejudice the conduct of justice. Not, at least, if he is disposed to take the trouble to scrutinize the pleadings.

There are other so-called allegations in the pleadings which are evidential, but these are too intricably interwoven to be extricated without undue labor, and they are of no great moment anyway. The cause of action is single—a series of loans to an agent, known and declared to be such, followed by an account stated.

Except as above stated, the action is denied.